RAYBURN v. KUHL, *et al.*

1. EVIDENCE: DEED: TAX SALE.   A deed executed by a municipal corporation conveying property sold for taxes, and which is not made by law *prima facia* evidence of the regularity of prior proceedings, should not be admitted in evidence as a link in a chain of title, when the party offering it does not offer to show other proof of the regularity of such proceedings.

2. ASSESSMENT ROLL: APPROVAL.   Where the indorsement on the back of an assessment roll was as follows: " William Eldridge filed the following assessment roll for 1842, which was examined by the board and ordered to be filed by the clerk;" *held*, that the assessment roll was not accepted by the board of commissioners as required by the act of 1. th January, 1841.

3. DEED: TAX SALE: PRIMA FACIE.   A deed conveying property sold at a tax sale under the provisions of the act of January 15th, 1841, loses

its character as *prima facie* evidence of the regularity of all prior proceedings when it is shown that in any essential particular such proceedings were irregular.

4. RECORD: PAROL. Where the approval and acceptance of an assessment roll by a board of commissioners was required to be in writing; *held*, that acceptance cannot be shown by parol.

5. ATTORNEY'S AGREEMENT. The plaintiff's attorney in an action of right cannot make a contract for the conveyance of the premises in controversy which will be binding on the principal.

### Appeal from Scott District Court.

### WEDNESDAY, NOVEMBER 9.

SAMUEL S. RAYBURN, the father of the plaintiff being seized in fee simple of lot four in block nine in the town of Davenport, deceased in the year 1849, leaving her his sole heir at law. His title accrued in the year 1840. The defendants claim under Antoine Le Claire, who purchased it at the sales for taxes levied for the year 1842.

The questions arise upon the proceedings relating to the taxes and the sales under them, and are sufficiently shown in the opinion of the court.

The cause was tried by the court, with liberty reserved to except and appeal, the same as if tried by a jury. Judgment having been rendered for the plaintiff, the defendant appeals.

*James Grant* for the appellant.

I. Section 6 of the act of 1841, requiring the return of all tracts and lots of land of which a specific description was not given by the owners as "the property of persons unknown and non-resident," is directory merely, and the failure of the officer to comply with it did not invalidate the tax. *Jackson* v. *Cummings*, 15 Ill. 452; *Taylor* v. *People*, 2 Gilm. 349; *Atkins* v. *Hinman*, Ib. 450; *Torry* v. *Milbury*, 21 Pick. 67; *Van Renssalaer* v. *Whitbeck*, 7 Barb. 40.

II. The collector's deed is *prima facie* evidence of the regularity of prior proceedings, from the levy of the tax to the execution of the deed. *Laraby* v. *Reed*, 3 G. Greene 420;

*Vance* v. *Schuyler*, 1 Gilm. 160; *Messenger* v. *Germaine*, Ib. 631; *Rhinehart* v. *Schuyler*, 2 Ib. 473; *Job* v. *Tebbitts*, 5 Ib. 376; *Graves* v. *Brown*, 11 Ill. 431; *Pillow* v. *Roberts*, 13 How. 472. The following cases in Kentucky lay down the principle that a collector's deed is *prima facie* evidence of all prior proceedings, independent of statutory law. *Allen* v. *Robertson*, 3 Bibb 326; *Bodley* v. *Hoard*, 1 A. K. Marsh. 244; *Blight* v. *Banks*, 6 Mon. 206; *Curry* v. *Fowler*, Marsh. 145; *Oldham* v. *Jones*, 5 B. Mon. 438.

The counsel for the appellant also reviewed the authorities cited by the counsel for the appellee.

*Geo. S. C. Dow* and *James A. Buchanan* for the appellee, after comparing the evidence presented in the record, with the several sections of the revenue act of 1841, for the purpose of showing that the proceedings in which the tax on the property in controversy was levied, were invalid, cited the following authorities: *Thompson* v. *Gardner*, 10 John 404; *Ives* v. *Lyon*, 7 Com. 505; *Mahon* v. *Davis*, 4 McLean 213; *Johnson* v. *McIntire*, 1 Bibb 295; *Parker* v. *Rule's lessee*, 9 Cranch 64; *Jackson* v. *Shepard*, 9 Cow. 88; *Bard* v. *Rumsey*, 9 S. & R. 109; 3 Yer. 355; 9 Ham. 170; *Lowell* v. *Wentworth*, 6 Cush. 221; *Miner* v. *McLean*, 4 McLean 138; *Brown* v. *Veazie*, 25 Maine 359; *Mathus* v. *Light*, 32 Ib. 305; *Wilson* v. *Bell*, 7 Leigh 22; *Allen* v. *Smith*, 1 Ib. 231; *Chandler* v. *Speer*, 22 Verm. 388; *Stackpole* v. *Arnold*, 11 Mass. 27; *Beekman* v. *Bigelow*, 1 Seld. 366; *Sharp* v. *Speer*, 4 Hill 76; *Sharp* v. *Johnson*, Ib. 92—in support of the proposition that the purchaser must make out a valid title by showing a punctual compliance with all the requirements of the statute. The recitals in the deed will not avail; each item must be proved. See the New York cases last above cited, and *Doughty* v. *Hope*, 3 Denio 595; *Scott* v. *Babcock*, 3 G. Greene 133; *Atkins* v. *Kinman*, 2 Wend. 241; *Varick* v. *Tallman*, 2 Barb. 231; *Dunning* v. *Smith*, 3 John Ch. 344; *Emory* v. *Harrison*, 13 Penn. State R. 317; 2 Yates 100; *Burch* v. *Fisher*, 13 S. & R. 208; *Cox* v. *Grant*, 1 Yates 164;

*Parker* v. *Smith*, 4 Blackf. 90 ; *O'Brien* v. *Coulter*, 1 Ib. 421 ; *Doe* v. *Chum*, 1 Ib. 336 ; *Doe* v. *Hinebeck*, 4 Ib. 494 ; 5 Ib. 40 ; 8 Ib. 335 ; 1 Ind. 542 ; 2 Ib. 649 ; 4 Ib. 132 ; *Thompson* v. *Gotham*, 9 Ham. 170 ; *Scott* v. *Detroit Young Men's Society*, 1 Doug. 119 ; *Adams* v. *Litchfield*, 10 Com. 127 ; *Morton* v. *Reed*, 6 Mo. 64 ; *Fitch* v. *Casey*, 2 G. Greene 300 ; *Lyon* v. *Hunt*, 11 Ala. 295 ; *Parker* v. *Bergen*, 20 Ib. 251 ; 3 Yerg. 355 ; *Raymond* v. *Longworth*, 4 McLean 481 ; *Ainsworth* v. *Burlingham*, Ib. 489 ; *Williams* v. *Payton's lessees*, 4 Wheat. 77 ; 6 Ib. 119 ; 2 Pet. 151 ; 4 Ib. 395, 349 ; *Early* v. *Doe*, 16 How. 610, and cases cited by Judge Wayne ; *Mason* v. *Pearson*, 9 How. 248 ; *Moore* v. *Brown*, 11 How. 414.

WOODWARD, J.—The plaintiff having made her case, the defendant offered in evidence a deed made by the sheriff in January, 1845, under a sale of the lot in December, 1842, for the tax of that year, which was not admitted, because between the sale and the making of the deed, by virtue of an act of the legislature (Acts of 1843, p. 546,) the sheriff ceased to be the collector, and therefore had no authority to execute the deed.

The defendants then offered a deed from the town of Davenport, to A. Le Claire, of 2d April, 1847, under a sale for the town corporation tax of 1844, which on motion was rejected. As this deed was not made *prima facie* evidence of the regularity of proceedings, and as the party did not offer evidence of the proceedings in support of the tax and the sale, its rejection was proper. The courts will not ordinarily control the order of proofs, but the party should show an intent to introduce that which is requisite.

The defendants then introduced a deed of the lot to Le Claire, dated 16th February, 1846, made by the treasurer, who was collector, and successor of the sheriff, under the same sales. They also referred to the act of 19th June, 1844, (special session, in Acts of 1845, p. 4,) which authorized collectors in office to execute deeds on prior sales. The plaint-

iff objected to this, that the attempt of the sheriff to make a deed, exhausted the power; which objection was rightly overruled.

The deed thus introduced was taken as *prima facie* evidence of the regularity of the proceedings, and it was so if the act of the 19th June, 1844, above refered to, made it so. The errors assigned by the appellants are numerous, and it would require much time and space to examine all of them. We proceed therefore at once, to one of them, under which we point out matter, which in the opinion of this court, is fatal to the cause of the defendants. The last assignment is, that the finding of the court is erroneous, in view of the evidence in the case.

The act of 15th January, 1841, (Acts 1840–41, p. 65–68,) under which this tax was levied, in section ten, provides that after the assessment roll is corrected, the same shall be laid before the board of commissioners, and if it is found to be correct, "the board shall accept it in writing on the back thereof, signed and attested by their clerk," and that it shall be filed in the clerk's office, to remain an unalterable record, &c. The evidence offered to meet this requisite was, that on a certain date, "Wm. Eldridge filed the following assessment roll for 1842, which was examined by the board and ordered to be filed with the clerk." This is signed by two of the commissioners, and on the clerk's testifying that he was ordered to attest it, but had omitted it, he was permitted to add his attestation. In the opinion of this court this is not an acceptance of the assessment roll. It is examined and ordered to be filed, but not accepted. The filing is not an acceptance, for the roll belongs to the office, even if not accepted. It may be filed away for further examination.

The completion and acceptance of the assessment being an essential toward the validity of the tax, this takes away the *prima facie* force of the deed; and this is required to be in writing, so that it cannot be aided by parol.

One question remains. The defendants offered in evidence an agreement dated June 16th, 1857, since the com-

Rayburn v. Kuhl, et al.

mencement of this suit, between French Rayburn the guardian of the plaintiff, by his attorney, J. Johns, on the one part, and the defendants, Ditzen and Koch, and H. R. Claussen (under whom they derive title,) in relation to the west half of the lot. By this agreement the guardian undertakes to "relinquish" this suit and all claims made against these parties, and to take the requisite steps to obtain license to sell this half of the lot, and this being obtained that a warranty deed, approved by the County Court, shall be executed and delivered to the defendants. In consideration of this, these two defendants, with Claussen, agree to pay the guardian one thousand dollars at a time and in the manner therein provided. This agreement was rejected by the court, but the reasons therefor do not appear. This matter receives very little attention from the counsel, but those for the plaintiff say they are willing to carry out the agreement, but that the court considered that they could not act upon it. If the court think it binding they offer no objection.

This agreement has too much the character of one to sell a part of the property, as it does not appear to have been confirmed by the guardian, but on the contrary he refused to recognize it, we think the court was right in not acting upon it. It was hardly within the scope of the authority of the attorney to render it obligatory without at least the guardian's assent.

Owing to circumstances which render it inconvenient for one of my brother judges to prepare this opinion, I am instructed to express their views. I had prepared an opinion entering more largely into the case, and taking a different course of thought, but the majority prefer that it should be placed upon the above ground. And whilst I am not prepared for a *dissenting* view, yet it does not carry my unhesitating *assent.*

Judgment affirmed.